IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and )<br>LABORERS' WELFARE FUND OF THE )<br>HEALTH AND WELFARE DEPARTMENT )<br>OF THE CONSTRUCTION AND GENERAL )<br>LABORERS' DISTRICT COUNCIL OF )<br>CHICAGO AND VICINITY, and CATHERINE )<br>WENSKUS, Administrator of the Funds, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>GILCO MECHANICAL CONTRACTORS, )<br>INC., )<br>Defendant. ) | Case No. 17-CV-04813<br><br>Honorable Thomas M. Durkin |

## PLAINTIFFS' MOTION FOR PROVE-UP DAMAGES

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, and Catherine Wenskus, Administrator of the Funds (collectively herein referred to as the "Funds" or "Plaintiffs"), by their attorneys, hereby move for judgment of damages in sum certain against Defendant, Gilco Mechanical Contractors, Inc.(the "Company" or "Defendant"), pursuant to Rule 55 of the Federal Rules of Civil Procedure. In support of this Motion, Plaintiffs state the following:

1. On June 27, 2017, Plaintiffs filed a Complaint under Sections 502(e)(1) and (2) of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §1132(e)(1) and (2); Section 301(a) of the Labor Management Relations Act, as amended, 29 U.S.C. §185(a); and 28 U.S.C. §1331 alleging that at all material times the Defendant has an obligation, arising from a collective bargaining agreement ("CBA") to make contributions to the Plaintiffs' funds, to submit to an audit upon demand, and to obtain and maintain a surety bond. Plaintiffs attached a copy of the CBA to

1

the Complaint, as Exhibit A, specifically alleging, in the Complaint, that Defendant failed to report and pay contributions, as reflected by the audit report attached to the Complaint as Exhibit B (See Docket No. 1, Legacy Audit), which is also attached hereto for convenience as Exhibit 1.

2. On July 14, 2017, Summons and Complaint were served on the Company's registered agent and president, Leroy T. Gill Jr. ("Mr. Gill") at the registered agent's address of 2500 Oakwood Dr, Olympia Fields, IL 60461 (See Docket No. 7, Affidavit of Compliance).

3. On August 3, 2017, the Court entered an Answer, which was mailed to the Clerk of the Court, pertaining to Defendant, and signed by the corporate entity's president, Mr. Gill (See Docket No. 8).

4. On February 15, 2018, the independent auditing firm of Calibre CPA Group ("Calibre"), which was selected by the Funds to conduct a compliance audit of the Company, covering the period from July 1, 2015 through June 30, 2017, issued its revised audit report for that audit period (See Exhibit 2, Calibre Audit ). Demand letters for the audit findings were sent to the Company on December 8, 2017 and March 15, 2018 with copies of the audit report (See Exhibit 3, Demand Letters). The Company presented some evidence in support of a challenge to the initial Calibre Audit, which the Funds accepted, so that the Calibre Audit attached hereto as Exhibit 2 is the revised audit report for the period covering July 1, 2015 through June 30, 2017.

5. On April 25, 2018, Plaintiffs moved for a default and to strike Mr. Gill's Answer, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, as it was insufficient and immaterial, and as it further failed to meet general pleading standards under Rule 8(b). Also, Plaintiffs noted that, as a corporation, the Company could not represent itself *pro se*, and had failed to retain counsel to defend this action, citing *United States v. Hagerman,* 545 F.3d 579, 581-82 (7th Cir. 2008) (See

Docket No. 14, Plaintiff's motion at ¶4 and ¶5).

6.    On May 9, 2018, the Court found the Defendant in default and struck its Answer (See Docket No.16, Minute Order).

7.    As established by the Funds' Field Department Representative Rocco Marcello, the Funds' audit reviews of the Defendant's records, reflect contributions due to the Funds for the period covering June 1, 2014 through May 31, 2015, in the total amount of $1,829.04 (Exh. 1, Legacy Audit) and for the period covering July 1, 2015 through June 30, 2017, the total amount of $31,463.46 (Exh. 2, Calibre Audit), including principal contributions owed to the Welfare, Retiree Welfare, Pension, Training, LECET, LMCC and CAICA funds, and for Union dues (See Exhibit 4, Affidavit of Rocco Marcello at ¶3, ¶5-6).

8.    According to the CBA, the Master Agreement and the respective Trust Agreements to which Defendant is bound, payment is also owed for liquidated damages in the amount of twenty percent (20%) of the unpaid or late contributions to the Welfare, Welfare Retiree, Pension and Training funds, and ten percent (10%) of the principal amount of delinquent contributions to the LECET, LMCC, CAICA funds and for Union dues. Additionally, interest is calculated at twelve percent (12%) and is owed for all delinquencies. As established by Mr. Marcello's Affidavit, the liquidated damages owed to the Welfare, Welfare Retiree, Pension and Training funds amount to $351.36 from the Legacy Audit and $5,964.48 from the Calibre Audit; the liquidated damages owed to the LMCC, CAICA and LECET funds, and for Union dues, amount to $7.23 from the Legacy Audit and $164.11 from the Calibre Audit. Accumulated interest is due in the amount of $107.73 from the Legacy Audit and $3,219.67 from the Calibre Audit (Exh. 4, Marcello Affidavit at ¶7). These amounts are further detailed in the Funds' summary reports that are attached hereto as Exhibit

5 at pages one and two.

9. The total audit costs billed to the Funds were $2,359.50, which Defendant is also obligated to pay, based on the respective agreements to which it is bound (Exh. 4, Marcello Affidavit at ¶11; Exh. 1, Legacy Audit; Exh. 2, Calibre Audit).

10. Additionally, Defendant submitted to the Funds – but has not paid – monthly reports for July 2017 and August 2017 (See, Exh. 5, Reports, pp. 3-5). According to the Company's reports, it owes the Funds $4,341.58 for principal contributions for July 2017 and $3,520.20 for principal contributions for August 2017. However, as this period has yet to be audited, the Funds reserve the right to include any additional amounts for this period after such time as an audit of the period is conducted, and the Funds may include any such additional amounts as damages in a subsequent action. According to Mr. Marcello's review of the principal amounts reported, but unpaid by the Company for July and August 2017, liquidated damages are owed in the amount of $1,522.38, and accumulated interest in the amount of $777.96 is owed, as required by the CBA, Master Agreement and the respective Trust Agreements (See Exh. 4, Marcello Affidavit at ¶8; Exh 5, Reports, pp.3-5). And because the Company also untimely submitted other monthly payments, it further owes $8,661.70 in accumulated liquidated damages to date (See Exh. 2, Calibre Audit, p. 1; Exh. 5, Reports, pp. 2, 6, 7; Exh. 4, Marcello Affidavit, at ¶10).

11. Plaintiffs are also entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). The attached affidavit of Sara Stewart Schumann establishes the amount of attorneys' fees and costs incurred in this matter are $6,228.70 (See Exhibit 6, Affidavit of Sara S. Schumann; and Exhibit 6A, Fee Report; and Exh. 4, Marcello Affidavit, at ¶11).

**WHEREFORE,** Plaintiffs request entry of judgment against the Defendant, requesting that the Court order judgment to be entered in the total amount of $70,519.10. Furthermore, Plaintiffs

request the Court's order specify that, as required by the collective bargaining agreement, the Company provide written proof that it has obtained a surety bond to Plaintiffs' counsel, Sara S. Schumann, Esq., Allison, Slutsky & Kennedy, P.C., 230 W. Monroe Street, Suite 2600, Chicago, IL 60606, within sixty (60) days from the date of the Court's order.

Respectfully submitted,

/s/ Sara S. Schumann
*One of Plaintiffs' attorneys*

Karen I. Engelhardt
Sara S. Schumann
Ryan M. Thoma
ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

July 10, 2018